IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | | |
|---|---|---|
| IN RE: KUGEL MESH HERNIA PATCH ) | | |
| PRODUCTS LIABILITY LITIGATION ) | **Civil Action No.:** 3:14-CV-435-H | |
| ) | **MDL Docket No. 07-1842-ML** | |
| ) | | |
| **THIS DOCUMENT RELATES TO:** ) | **Judge Mary M. Lisi** | |
| Joseph Reed v. ) | | |
| C.R. Bard, Inc. and Davol, Inc. ) | | |

JOSEPH REED,
      Plaintiff,

v.

DAVOL INC. and C. R. BARD INC.,
      Defendants.

## ORIGINAL COMPLAINT

NOW COMES Plaintiff, Joseph Reed, by and through counsel, in his Complaint against Defendants, states as follows:

### Parties

1. Plaintiff, Joseph Reed ("Plaintiff"), is a citizen and resident of the County of Jefferson in the Commonwealth of Kentucky.

2. Defendant, DAVOL INC. ("DAVOL") is a corporation that is incorporated under the laws of the State of Rhode Island. DAVOL has its principal place of business in the State of Rhode Island. It manufactures the Composix KUGEL Mesh and is located at 100 Crossings Boulevard, Warwick, Rhode Island. DAVOL has a registered agent in Rhode Island at CT Corporation System, 10 Weybosset St., Providence, Rhode Island. DAVOL focuses its business

on products in key surgical specialties, including hernia repair, hemostasis, orthopedics, and laparoscopy.

3. Defendant, C. R. BARD INC. ("BARD") is a corporation that is incorporated under the laws of the State of New Jersey. It is the corporate parent/stockholder of DAVOL and participates in the manufacture and distribution of the Composix KUGEL Mesh. It also manufactures and supplies DAVOL with material that forms part of the Composix KUGEL Mesh. BARD at all times relevant did substantial and continuous business in the State of Rhode Island and the State of Kentucky.

4. Defendant, C.R. BARD, Inc., may be served with process, pursuant to Rule 4 of the Federal Rules of Civil Procedure, through its registered agent, Corporation Process Company, 180 Cherokee Street, NE, Marietta, Georgia 30060.

## Jurisdiction

5. Venue is proper pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events giving rise to the claims asserted herein occurred in this District. Venue is proper pursuant to 28 U.S.C. § 1391(c) because Defendant conducts substantial business in this District, have sufficient minimum contacts with this District, and otherwise purposely avail themselves of the markets in this District, through the promotion, sale, and marketing of their products in this District.

6. Additionally, there is complete diversity of parties and the amount in controversy exceeds $75,000 causing venue to be proper pursuant to 28 U.S.C. § 1332(a).

## Facts

7. Defendant DAVOL designed, manufactured and distributed the Composix Kugel Mesh, a hernia mesh that was implanted into the Plaintiff.

8. The Composix Kugel Mesh was a product marketed by DAVOL, as a mesh to be used in repairing hernias and provide extra reinforcement to the hernia defect.

9. Defendant DAVOL, through its agents, servants and employees, participated in the manufacture and delivery of the Composix Kugel Mesh that was implanted into Plaintiff.

10. The Defendants submitted their 510k Application to the Federal Drug Administration hereinafter referred to as the "FDA" on January 22, 2001. Following the 510k application, the Composix Kugel Mesh was approved by the FDA as a Class II medical device.

11. The mesh implanted in Plaintiff to repair his ventral hernia, was designed, manufactured, sold and distributed by DAVOL to be used by surgeons for surgical repair of hernias. DAVOL further represented the Composix Kugel Mesh to be an appropriate, cost-effective and suitable product for such purpose.

12. An FDA Class I recall was issued for problems related to medical devices that are potentially life-threatening or could cause a serious health risk.

13. On December 22, 2005, DAVOL recalled many sizes and lot numbers of Composix Kugel Mesh Patch under an FDA Class I recall notice.

14. The Composix Kugel Mesh Patch was recalled due to a faulty "memory ring" that can break under pressure. Incidents of ring migration, intestinal fistulae, bowel perforation and death have been reported.

15. On March 31, 2006, the initial Class I recall of the Composix Kugel Mesh Patch was expanded to include additional types and lot numbers.

16. On January 10, 2007, the initial Class I recall of the Composix Kugel Mesh Patch was further expanded to include the large sized Composix Kugel Mesh Patch (oval and circle) due to additional reports of memory recoil ring breakage and potential for breakage of the

memory recoil ring. Additionally, Judge Lisi, overseeing the Kugel MDL, on January 28, 2008, clarified that the MDL scope encompasses alleged defects associated with DAVOL/BARD mesh products including the Composix Kugel Mesh used for Plaintiff's hernia repair.

17. On January 19, 2009, Plaintiff had a ventral hernia repaired at Jewish Hospital in Louisville, Kentucky. Plaintiff had a **Bard Composix Kugel Mesh, with a reference number of** 0010202 **and a lot number of** HURE0749**,** implanted during this procedure.

18. After this product failed, Plaintiff underwent additional surgery to remove this implant on February 17, 2010. The injuries Plaintiff suffered as a result of this defective product are recounted in his medical records.

19. Plaintiff has suffered and will continue to suffer physical pain and mental anguish.

20. Plaintiff has incurred substantial medical bills as a result of having the Composix Kugel Mesh implanted to repair Plaintiff's hernia.

21. DAVOL and BARD withdrew a large number of the Composix Kugel Patches as a result of the high complication and failure rate of the product.

22. Upon information and belief, DAVOL and BARD failed to comply with the FDA application and reporting requirements.

23. Upon information and belief, DAVOL and BARD were aware of the high degree of complication and failure rates associated with their Composix Kugel Mesh prior to the time the public was made aware.

24. Upon information and belief. DAVOL and BARD were aware of the defect in manufacture and design of their Composix Kugel Mesh.

## COUNT I
### Negligence

25.     Plaintiff re-alleges and incorporates by reference each and every allegation contained in preceding paragraphs as though fully set forth herein.

26.     Defendants DAVOL and BARD were negligent to Plaintiff in the following respects;

27.     DAVOL and BARD at all times mentioned had a duty to properly manufacture, test, inspect, package, label, distribute, market, examine, maintain, supply, provide proper warnings and prepare for use in the general public, the Composix Kugel Mesh.

28.     DAVOL and BARD at all times mentioned knew or in the exercise of reasonable care should have known, that the Composix Kugel Mesh was of such a nature that it was not properly manufactured, tested, inspected, packaged, labeled, distributed, marketed, examined, sold supplied, prepared and/or provided with the proper warnings, and were reasonably likely to injure Composix Kugel Mesh users.

29.     DAVOL and BARD negligently and carelessly designed, manufactured, tested, inspected, packaged, labeled, distributed, recommended, displayed, sold, examined and/or supplied the Composix Kugel Mesh such that the product was dangerous and unsafe for the use and purpose for which it was intended.

30.     DAVOL and BARD were aware of the probable consequences of the Composix Kugel Mesh.  DAVOL and BARD knew or should have known the Composix Kugel Mesh would cause serious injury; they failed to disclose the known or knowable risks associated with the Composix Kugel Mesh.  DAVOL and BARD willfully and deliberately failed to avoid those consequences, and in doing so, they acted in conscious disregard of the safety of Plaintiff.

31. Defendants DAVOL and BARD owed a duty to Plaintiff to adequately warn him and his treating physicians, of the risks of separation, tearing and splitting associated with the Composix Kugel Mesh and the resulting harm and risk it would cause patients.

32. Defendants DAVOL and BARD breached their duty by failing to comply with state and federal regulations concerning the study, testing, design, development, manufacture, inspection, production, advertisement, marketing, promotion, distribution and/or sale of the Composix Kugel Mesh.

33. As a direct and proximate result of the duties breached, the Composix Kugel Mesh used in Plaintiff's hernia repair surgery failed, resulting in Plaintiff suffering pain and harm.

34. As a direct and proximate result of DAVOL's and BARD's negligence, Plaintiff has suffered injuries and damages.

35. DAVOL's and BARD's conduct in continuing to market, sell and distribute the Composix Kugel Mesh after obtaining knowledge they were failing and not performing as represented and intended, showed complete indifference to or a conscious disregard for the safety of others justifying an award of additional damages for aggravating circumstances in such a sum which will serve to deter DAVOL, BARD and other from similar conduct in the future.

**Wherefore**, Plaintiff requests a judgment against DAVOL and BARD for damages in a sum to confer jurisdiction upon this Court together with interest on that amount at the legal rate from the date of judgment until paid, for court costs and for other such relief this Court deems just and appropriate.

## COUNT II
## Strict Product Liability

36. Plaintiff re-alleges and incorporates by reference each and every allegation contained in preceding paragraphs as though fully set forth herein.

37. Defendants DAVOL and BARD are strictly liable to Plaintiff in the following respects: DAVOL and BARD designed, manufactured, assembled, distributed, conveyed and/or sold the Composix Kugel Mesh for hernia repair surgery; the Composix Kugel Mesh was defective because it failed to perform safely and effectively for the purpose it was originally designed. Plaintiff's Composix Kugel Mesh was a device that failed while in his body, causing him to develop serious physical complications, which will require subsequent, painful and continued medical care; at all times mentioned, the Composix Kugel Mesh was substantially in the same condition as when it left the possession of DAVOL; and the Composix Kugel Mesh implanted into Plaintiff was being used in a manner reasonably anticipated at the time it was implanted in him by his surgeon.

38. Furthermore, the Composix KUGEL Mesh, like the one implanted in Plaintiff, at the time it left the possession of DAVOL and BARD was inherently dangerous for its intended use and was an unreasonably dangerous product which presented and constituted an unreasonable risk of danger and injury to Plaintiff as follows:

    i. The Composix KUGEL Mesh was sold in a defective condition by design and manufacture;
    ii. The Composix KUGEL Mesh as designed and manufactured was unsafe for implantation in Plaintiff.
    iii. The Composix KUGEL Mesh as designed and manufactured was unreasonably dangerous to Plaintiff;
    iv. The Composix KUGEL Mesh did not perform safely as an ordinary consumer/patient, like Plaintiff, would expect;
    v. The Composix KUGEL Mesh as designed and manufactured was unsafe for its intended use;

      vi.      DAVOL and BARD failed to warn the end user about the dangers and risk of the product;

      vii.      DAVOL and BARD knew the component parts of the Composix KUGEL Mesh as implemented through design and/or manufacture could cause injury to the end user;

      viii.      Failing to implement ad adequate, safe and effective interaction with the mesh of the Composix KUGEL Mesh to withstand the foreseeable stress they would be subject to within the intra-abdominal space;

      ix.      Failing to avoid migration/separation of the Composix KUGEL Mesh and/or its components from the initial site of the hernia repair surgery.

      x.      Any other acts of failures to act by DAVOL or BARD regarding the studying, testing, designing, developing, manufacturing, inspecting, producing, advertising, marketing, promoting, distributing, and/or sale of Composix KUGEL Mesh for hernia repair surgery as will be learned during the discovery process.

39.    DAVOL's and BARD's conduct in continuing to market, sell and distribute the Composix Kugel Mesh after obtaining knowledge they were failing and not performing as represented and intended, showed complete indifference to or a conscious disregard for the safety of others justifying and award of additional damages for aggravating circumstances in such a sum which will serve to deter DAVOL, BARD and others from similar conduct in the future.

**Wherefore**, Plaintiff requests a judgment against DAVOL and BARD for damages in a sum to confer jurisdiction upon this Court together with interest on that amount at the legal rate from the date of judgment until paid, for court costs and for other such relief this Court deems just and appropriate.

## COUNT III
### Negligent Infliction of Emotional Distress

40.    Plaintiff re-alleges and incorporates by reference each and every allegation contained in preceding paragraphs as though fully set forth herein.

41.    Defendants DAVOL and BARD are liable to Plaintiff for the negligent infliction of emotional distress in the following respect; Plaintiff have suffered severe emotional distress,

which was as a result of Defendant's negligent conduct in studying, designing, developing, testing, inspecting, manufacturing, producing, advertising, marketing, promoting, distributing, and/or selling of the Composix Kugel Mesh for hernia repair surgery.

42. Plaintiff has suffered severe emotional distress, which was as a result of DAVOL's and BARD's negligent conduct in failing to adequately and safely design and construct an effective and safe Composix Kugel Mesh for hernia repair surgery.

43. Therefore, DAVOL and BARD are liable to Plaintiff.

44. DAVOL's and BARD's conduct in continuing to market, sell and distribute the Composix Kugel Mesh after obtaining knowledge they were failing and not performing as represented and intended, showed complete indifference to or a conscious disregard for the safety of others justifying an award of additional damages for aggravating circumstances in such a sum which will serve to deter DAVOL, BARD, and others from similar conduct in the future.

**Wherefore**, Plaintiff requests a judgment against DAVOL and BARD for damages in a sum to confer jurisdiction upon this Court together with interest on that amount at the legal rate from the date of judgment until paid, for court costs and for other such relief this Court deems just and appropriate.

## COUNT IV
### Intentional Infliction of Emotional Distress

45. Plaintiff re-alleges and incorporates by reference each and every allegation contained in preceding paragraphs as though fully set forth herein.

46. Defendants DAVOL and BARD are liable to Plaintiff for the intentional infliction of emotional distress in the following respect: Plaintiff has suffered severe emotional distress, which was as a result of DAVOL's and BARD's extreme outrageous, intentional, willful, and reckless conduct in studying, designing, developing, testing, inspecting, manufacturing,

producing, advertising, marketing, promoting, distributing, and/or sale of the Composix Kugel Mesh for hernia repair surgery.

47. Plaintiff has suffered severe emotional distress, which was as a result of DAVOL's and BARD's extreme outrageous, intentional, willful, and reckless conduct in failing to adequately and safely design and construct an effective and safe Composix Kugel Mesh for hernia repair surgery, in complete and reckless disregard of safety to Plaintiff.

48. Therefore, DAVOL and BARD are liable to Plaintiff.

49. DAVOL's and BARD's conduct in continuing to market, sell and distribute the Composix Kugel Mesh after obtaining knowledge they were failing and not performing as represented and intended, showed complete indifference to or a conscious disregard for the safety of others justifying an award of additional damages for aggravating circumstances in such a sum which will serve to deter DAVOL, BARD and others from similar conduct in the future.

**Wherefore**, Plaintiff requests a judgment against DAVOL and BARD for damages in a sum to confer jurisdiction upon this Court together with interest on that amount at the legal rate from the date of judgment until paid, for court costs and for other such relief this Court deems just and appropriate.

## COUNT V
### Breach of Implied Warranty

50. Plaintiff re-alleges and incorporates by reference each and every allegation contained in preceding paragraphs as though fully set forth herein.

51. Defendants DAVOL and BARD are liable to Plaintiff for their breach of implied warranty in the following respect: DAVOL and BARD sold the Composix Kugel Mesh, which was implanted in Plaintiff. DAVOL and BARD impliedly warranted to Plaintiff, his physicians

and health care providers, that the Composix Kugel Mesh was of merchantable quality and safe for the use for which it was intended.

52. DAVOL and BARD knew or should have known that the Composix Kugel Mesh at the time of sale was intended to be used for the purpose of surgically implanting them into the body for hernia repair.

53. Plaintiff, his physician and health care providers reasonably relied on DAVOL's and BARD's judgment, indications and statements that the Composix Kugel Mesh was fit for such use.

54. When the Composix Kugel Mesh was distributed into the stream of commerce and sold by DAVOL and BARD, they were unsafe for their intended use, and not of merchantable quality, as warranted by DAVOL and BARD in that they had very dangerous propensities when used and intended and implanted into a patient's body where they could cause serious injury of harm or death to the end user.

55. Plaintiff has suffered such injuries and damages as a result of DAVOL and BARD's conduct and action.

**Wherefore**, Plaintiff requests a judgment against DAVOL and BARD for damages in a sum to confer jurisdiction upon this Court together with interest on that amount at the legal rate from the date of judgment until paid, for court costs and for other such relief this Court deems just and appropriate.

## COUNT VI
### Failure to Warn

56. Plaintiff re-alleges and incorporates by reference each and every allegation contained in preceding paragraphs as though fully set forth herein.

57. In the course of business, DAVOL and BARD designed, manufactured and sold the Composix Kugel Mesh to Jewish hospital in Louisville, Kentucky for hernia repair surgeries.

58. At the time of the design, manufacture and sale of the Composix Kugel Mesh, and more specifically, at the time Plaintiff received the Composix Kugel Mesh, it was defective and unreasonably dangerous when put to its intended and reasonably anticipated use. Further, the Composix Kugel Mesh was not accompanied by proper warnings regarding significant adverse consequences associated with the Composix Kugel Mesh.

59. DAVOL and BARD failed to provide any warnings, labels or instructions of its dangerous propensities that were known or reasonably scientifically knowable at the time of distribution. The reasonably foreseeable use of the product involved significant dangers not readily obvious to the ordinary user of the product. DAVOL and BARD failed to warn of the known or knowable injuries associated with malfunction of the Composix Kugel Mesh, including but not limited to migration of the Mesh and severe peritonitis and infection which would require subsequent surgical procedure and could result in severe injuries.

60. The dangerous and defective conditions in the Composix Kugel Mesh existed at the time they were delivered by the manufacturer to the distribution. At the time Plaintiff had his hernia repair surgery the Composix Kugel Mesh was in the same condition as when manufactured, distributed and sold.

61. Plaintiff did not know at the time of his use of the Composix Kugel Mesh, or at any time prior thereto, of the existence of the defects in the Composix Kugel Mesh.

62. Plaintiff has suffered the aforementioned injuries and damages as a direct result of DAVOL and BARD's failure to warn.

63. The conduct of DAVOL and BARD in continuing to market, promote, sell and distribute the Composix Kugel Mesh after obtaining knowledge that the product was failing and not performing as represented and intended, showed a complete indifference to or conscious disregard for the safety of others justifying an awarded in such sum which will serve to deter DAVOL, BARD and others from similar conduct.

**Wherefore**, Plaintiff requests a judgment against DAVOL and BARD for damages in a sum to confer jurisdiction upon this Court together with interest on that amount at the legal rate from the date of judgment until paid, for court costs and for other such relief this Court deems just and appropriate.

## COUNT VII
### Fraud

64. Plaintiff re-alleges and incorporates by reference each and every allegation contained in preceding paragraphs as though fully set forth herein.

65. In the course of business, DAVOL and BARD designed, manufactured and sold the Composix Kugel Patch for hernia repair surgeries.

66. At the time of the design, manufacture and sale of the Composix Kugel Mesh, and more specifically at the time Plaintiff received the Composix Kugel Mesh, it was defective and unreasonably dangerous when put to its intended and reasonably anticipated use. Further the Composix Kugel Meshes were not accompanied by proper warnings regarding significant adverse consequences associated with the Composix Kugel Mesh.

67. BARD and DAVOL was aware of the dangerous and defective condition of the products and intentionally withheld this information from Plaintiff, Plaintiff's physicians, and the general public even though these significant dangers were not readily obvious to the ordinary user of the products, even after a post-surgical complication had arisen.

68.    BARD and DAVOL fraudulently presented to Plaintiff, Plaintiff's physicians, and the general public that the Composix Kugel Mesh was a safe and effective product while they were fully aware that the dangerous and defective nature of the Composix Kugel Mesh could and would cause injuries such as those suffered by Plaintiff.

69.    Plaintiff and his physicians relied upon the fraudulent misrepresentations and concealments of Defendants and allowed for the defective Composix Kugel Mesh to be implanted.

70.    As a direct and proximate result of Plaintiff's reliance on BARD's and DAVOL's fraudulent misrepresentations and concealments, Plaintiff was seriously and permanently injured.

71.    The conduct of BARD and DAVOL in continuing to fraudulently market, promote, sell and distribute the Composix Kugel Mesh while fraudulently concealing knowledge that the products were failing and not performing as represented and intended, showed a complete indifference to or conscious disregard for the safety of others justifying an award in such sum which will serve to deter BARD, DAVOL and others from similar conduct.

**Wherefore**, Plaintiff requests a judgment against DAVOL and BARD for damages in a sum to confer jurisdiction upon this Court together with interest on that amount at the legal rate from the date of judgment until paid, for court costs and for other such relief this Court deems just and appropriate.

## COUNT VIII
### Violation of Kentucky Consumer Protection Act, KRS 367.170, *et seq.*

72.    Plaintiff re-alleges and incorporates by reference each and every allegation contained in preceding paragraphs as though fully set forth herein.

73.    Defendants are liable to the Plaintiff pursuant to the Kentucky Consumer Protection Act (hereinafter "KCPA"), KRS 367.170, *et seq*. Defendants were in the business of

manufacturing and marketing Composix Kugel Mesh. Defendants and/or their agents designed, formulated, manufactured, assembled, prepared for sale, distributed, and/or sold Composix Kugel Mesh, which was in a defective condition unreasonable dangerous when applied to its intended use in the usual and customary manner. Defendants' conduct was in violation of KCPA in that Defendants' conduct constitutes business practices, which are unfair, false, misleading, and deceptive.

74. Privity existed between Plaintiff and the Defendants.

75. Plaintiff, while using the product in the usual and customary manner as it was intended to be used, suffered substantial injuries as a proximate result of Defendants placing the product on the market, which was unreasonably dangerous and defective at the time it was placed on the market by Defendants.

76. As a direct and proximate result of the Defendants' violations of the Kentucky Consumer Protection Act, Plaintiff has suffered significant and permanent damages, including but not limited to physical injury, past and future medical expenses, past and future physical and mental pain and suffering, and will continue to suffer all such damages in the future. Additionally, Plaintiff is entitled to recover attorney's fees and punitive damages.

**Wherefore**, Plaintiff requests a judgment against DAVOL and BARD for damages in a sum to confer jurisdiction upon this Court together with interest on that amount at the legal rate from the date of judgment until paid, for court costs and for other such relief this Court deems just and appropriate.

**PRAYER FOR RELIEF**

**Wherefore**, Plaintiff, Joseph Reed, demands the following relief:

1. Judgment against Defendants, DAVOL and BARD for compensatory damages in excess of the minimum dollar amount necessary to establish the jurisdiction of this Court, and for such amount as a jury may find fair and reasonable as shown by the evidence;

2. Punitive damages;

3. Plaintiff's costs and attorneys' fees;

4. An award of pre-judgment and post judgment interest as provided by law;

5. Trial by jury; and

6. Any and all other relief to which he may appear to be entitled.

Dated: June 11, 2014

Respectfully submitted,

/s/ Jennifer A. Moore
JENNIFER A. MOORE
GROSSMAN & MOORE, PLLC
One Riverfront Plaza
401 W. Main Street, Suite 1810
Louisville, Kentucky 40202
T: (502) 657-7100
F: (502) 657-7111
jmoore@gminjurylaw.com

ALYSON OLIVER (MI P55020)
Oliver Law Group PC
950 W. University Dr., Suite 200
Rochester, MI 48307
T: (248) 327-6556
F: (248) 436-3385
aoliver@oliverlg.com
(*Pro Hac Vice* Forthcoming)

Attorneys For Plaintiff Joseph Reed